IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROY GORDON,

        Plaintiff,              No. CIV S-06-0238 GEB GGH P

     vs.

OFFICER ROBERTS, et al.,

        Defendants.         ORDER

_____/

        Plaintiff is a prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected

1

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

/////

/////

    Named as defendants are the Sacramento Sheriff's Department, Superior Court Department 9 and Officer Roberts. Plaintiff alleges that defendant Roberts failed to preserve exculpatory evidence including fingerprints, blood and weapons. Plaintiff alleges that defendant Roberts helped to obtain a false statement from the victim and failed to do any meaningful investigation. Plaintiff alleges that defendant Superior Court abused its discretion by denying plaintiff's pretrial motions. Plaintiff alleges that defendant Sacramento Sheriff's Department harassed a material witness. As relief, plaintiff seeks money damages and an order directing defendants to stop harassing his witnesses and for defendant Roberts' records to be opened up.

    With respect to plaintiff's claims challenging the Superior Court's denial of his motions, this court has no authority to review the final determinations of a state court in judicial proceedings. Branson v. Nott, 62 F.3d 287, 291 (9th Cir. 1995). Accordingly, plaintiff's claims against the Superior Court are dismissed.

    With respect to plaintiff's claim for money damages against defendant Sheriff's Department, a municipality may be held liable for damages under 42 U.S.C. § 1983 for a policy, practice, or custom that causes a constitutional violation. Monell v. New York City Dept. of Soc. Serv., 436 U.S. 658, 694, 98 S.Ct. 2018 (1978). Plaintiff does not allege that his witnesses were harassed pursuant to a policy or custom of defendant Sheriff's Department. Accordingly, this claim is dismissed.

    In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), an Indiana state prisoner brought a civil rights action under § 1983 for damages. Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure"). Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody. The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under 1983.

<u>Heck</u>, 512 U.S. at 486, 114 S. Ct. at 2372. The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed. <u>Id.</u>

Plaintiff's claims for money damages against defendant Roberts appear to be barred by <u>Heck v. Humphrey</u> as they implicate either a criminal conviction or pending charges. <u>Harvey v. Waldron</u>, 210 F.3d 1008, 1014 (9th Cir. 2000)(<u>Heck</u> applies to pending charges). Accordingly, these claims are dismissed with leave to amend. Plaintiff should only include these claims in an amended complaint if his criminal conviction has been invalidated, expunged or reversed.

Were plaintiff to allege that his witnesses were harassed pursuant to a policy enacted by defendant Sheriff's Department, plaintiff's claim for damages against this defendant would most likely be barred by <u>Heck</u>.

With respect to plaintiff's request for injunctive relief, if plaintiff has been convicted of a crime the proper forum for challenging the validity of his conviction is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. If plaintiff's request for injunctive relief, i.e. an order directing defendants to stop harassing his witnesses and to open up records, concern an ongoing criminal action, the court does not have jurisdiction. See <u>Younger v. Harris</u>, 410 U.S. 37, 91 S.Ct. 746 (1971); <u>World Famous Drinking Emporium v. City of Tempe</u>, 820 F.2d 1079, 1082 (9th Cir. 1987)(the federal court must abstain from actions concerning pending state criminal prosecutions).

4

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

/////
/////
/////
/////

    3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: 4/10/06

                /s/ Gregory G. Hollows

                GREGORY G. HOLLOWS
                UNITED STATES MAGISTRATE JUDGE

ggh:kj
gor238.b